IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BANK OF AMERICA, N.A., SUCCESSOR
BY MERGER TO BAC HOME LOANS
SERVICING, LP FKA COUNTRYWIDE
HOME LOANS SERVICING, LP,

      Plaintiff,               Case No. 2:13-cv-1098 KJM DAD PS

  vs.

ALEXANDRA SCHMIDBAUER;      FINDINGS AND RECOMMENDATIONS
SHAWN MCINTYRE;
KEVIN HAYS,

      Defendants.
_____/

      By Notice of Removal filed June 3, 2013, this unlawful detainer action was removed from the Sacramento County Superior Court by defendant Alexandra Schmidbauer, who has paid the required filing fee and who is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

      At the outset, defendants are advised that one party proceeding pro se may not represent any other party proceeding pro se. See Local Rule 183. Thus, each document submitted for filing by defendants must bear the signatures of all defendants. In this regard, the Notice of Removal should have been signed by each of the three defendants, but was signed only

1

by defendant Alexandra Schmidbauer.  See United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a state court must join in a petition for removal . . .").

Moreover, it is well established that the statutes governing removal jurisdiction must be "strictly construed against removal."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party invoking removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also Provincial Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).  Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

In removing this action, defendant Alexandra Schmidbauer alleges that the action "raises federal and diversity questions . . ." (Notice of Removal (Doc. No. 1) at 4.)  It is evident, however, from a reading of plaintiff's complaint that this is nothing more than a garden-variety unlawful detainer action filed against the former owner of real property located in California and that it is based wholly on California law.  As such, the complaint does not involve any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court.  See 28 U.S.C. § 1441(b).

Moreover, it is evident from defendant Alexandra Schmidbauer's Notice of Removal that any federal claims in this action arise solely from defendants' own affirmative

1  defenses and not from the plaintiff's unlawful detainer complaint.  See ARCO Envtl.
2  Remediation, LLC, 213 F.3d at 1113.
3       Finally, defendants are advised that diversity jurisdiction requires complete
4  diversity of citizenship among the parties, as well as a minimum amount in controversy of over
5  $75,000.  See 28 U.S.C. § 1332.  The amount in controversy is determined from the complaint
6  itself, unless it appears to a legal certainty that the claim is worth a different amount than that
7  pled by plaintiff.  Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 354 (1961); Lowdermilk v. U.S.
8  Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007).  Here, although defendant Alexandra
9  Schmidbauer contends that the amount in controversy exceeds $75,000, the complaint expressly
10 alleges that the amount in controversy does not exceed $10,000.  (Doc. No. 1 at 11.)
11      "The appropriate dollar amount in determining the amount of controversy in
12 unlawful detainer actions is the rental value of the property, not the value of the property as a
13 whole."  Fed. Home Loan Mortg. Corp. v. Cantillano, No. CV 12-1641 GAF (CMx), 2012 WL
14 1193613, at *2 (C.D. Cal. Apr. 9, 2012).  See also Fed. Home Loan Mortg. Corp. v. Pulido, No.
15 C 12-0277 LB, 2012 WL 540554, at *2 (N.D. Cal. Feb. 17, 2012) ("In unlawful detainer actions,
16 the right to possession is contested, not title to the property, and plaintiffs may collect only
17 damages that are incident to that unlawful possession.").  Consequently, because defendant has
18 failed to adequately demonstrate that the amount in controversy requirement is met, the court
19 lacks diversity jurisdiction over this action.
20      Accordingly, IT IS RECOMMENDED that this action be summarily remanded to
21 the Sacramento County Superior Court and that this case be closed.
22      These findings and recommendations will be submitted to the United States
23 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
24 fourteen days after being served with these findings and recommendations, any party may file
25 written objections with the court and serve a copy on all parties.  A document presenting
26 objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

1  Any reply to objections shall be filed and served within seven days after service of the objections.
2  The parties are advised that failure to file objections within the specified time may waive the
3  right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: June 18, 2013.

```
                              _____
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE
```

DAD:6
Ddad1\orders.pro se\boa-schmidbauer1098.ud.f&rs